O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-00607 AHM (OPx) | Date | December 13, 2011 |
|---|---|---|---|
| Title | HERNANDEZ et al. v. AURORA LOAN SERVICES, LLC et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:     Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

## I.     INTRODUCTION

Before the Court is a Motion to Dismiss the complaint filed by Defendant Aurora Loan Services, LLC ("Defendant").[1] Plaintiffs Jaime Hernandez and Fernanda Lozano ("Plaintiffs") filed an opposition to the Motion. For the following reasons, the Court GRANTS in part and DENIES in part Defendant's Motion.

## II.     BACKGROUND

### A.     Factual Background

Below is a chronology of events leading up to the current action, as alleged by Plaintiffs, and supplemented with facts from Defendant's Request for Judicial Notice ("RJN"), Dkt. 13.

**July 18, 2007**: Plaintiffs borrowed money from SCME Mortgage Bankers. Compl. ¶ 9. The promissory note was secured by a Deed of Trust (DOT) on the property in which Mortgage Electronic Registration Systems, Inc. MERS was the beneficiary. Compl. ¶ 9 & Exh A. The amount of the loan was $544,000, with an annual interest percentage rate of 7.5%. *Id*. Plaintiff alleges that "[s]hortly thereafter, SCME then transferred the

---

[1] Dkt. 9.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-00607 AHM (OPx) | Date | December 13, 2011 |
|---|---|---|---|
| Title | HERNANDEZ et al. v. AURORA LOAN SERVICES, LLC et al. | | |

promissory note to [Defendant] Aurora." Compl. ¶ 9. Plaintiffs cite to a Loan Agreement, but neither of the attached documents (Promissory Note and Deed of Trust) mention Aurora. See Compl. ¶ 9 (citing Exh. A). It is not clear, therefore, from the documents submitted to this Court, whether prior to the foreclosure sale that is described *infra*, Aurora was a party to the transactions, and why Plaintiffs communicated with Aurora about their HAMP modification prior to Aurora's supposed involvement in this process.

**July 26, 2007**: The DOT was recorded in the Official Records of San Bernardino County. Compl. Exh. A. RJN, Exh. 1 (Recorded DOT).

**October 14, 2009**: LSI Title Company, as agent for Quality Loan Service Corporation, as agent for the beneficiary, issued a Notice of Default and Election to Sell as a result of Plaintiffs' default on the note. RJN, Exh. 2 (Default Notice). MERS substituted Quality Loan Service Corporation as trustee under the DOT. RJN, Exh. 3 (Substitution of Trustee).

**October 15, 2009**: The Default Notice was recorded in the Official Records of San Bernardino County. RJN, Exh. 2.

**January 29, 2010**: Plaintiffs submitted a Home Affordable Mortgage Program ("HAMP") loan modification to Aurora. Compl. ¶ 10. Aurora representatives offered Plaintiffs a Special Forbearance agreement ("SFA"). *Id*. To accept the SFA, Plaintiffs were required to execute the SFA and return it to Aurora with the information requested, financial statements, and initial payment amount of $2,356.22 by February 10, 2010. *Id*. "Plaintiffs were told by the Aurora representative, that as long as they comply with the SFA, their HAMP review would continue and their home would not be foreclosed upon." *Id*.

**February 1, 2010**: Plaintiffs executed the SFA and returned it to Aurora with the requested information. Compl. ¶ 10.

**February 9, 2010**: Plaintiffs made the initial payment pursuant to the SFA. Compl. ¶ 11.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-00607 AHM (OPx) | Date | December 13, 2011 |
|---|---|---|---|
| Title | HERNANDEZ et al. v. AURORA LOAN SERVICES, LLC et al. | | |

**March 2010 - July 2010**: Plaintiffs made five payments to Defendant Aurora in the amount of $2356.22.  Compl. ¶ 11.  Aurora accepted these payments.  *Id*.

**July 2010 - December 2010**: Plaintiffs were advised by an Aurora representative, whose name is unknown to Plaintiffs, that their loan modification application was still under review, and that they should continue making the same monthly payments in accordance with the SFA pending such review.  Compl. ¶ 12.  In reliance on these representations, Plaintiffs allege they continued to make payments until December 2010, which Aurora accepted.  *Id*.

**January 14, 2011**: MERS assigned Defendant Aurora all beneficial interest under the DOT.  RJN, Exh. 5.

**January 28, 2011**: Plaintiffs' home was sold at a foreclosure sale.  RJN, Exh. 6.  *See also* Compl. ¶ 13 (incorrectly noting date of sale as January 31, 2011).  At the time of the sale, the amount of unpaid debt was $660,110.76.  NOR ¶ 8; Compl. Exh. B.  The amount paid by Aurora (the grantee) at the trustee's sale was $348,000.  *Id*.

**February 3, 2011**: The Trustee's Deed Upon Sale was recorded, naming grantee Aurora Loan Services as the foreclosing beneficiary, having paid $348,000 at the trustee sale.  RJN Exh. 6.  The Deed Upon Sale stated default occurred under the DOT pursuant to the Notice of Breach recorded on October 15, 2009.  *Id*. at 2.

**February 4, 2011**: Plaintiffs' attorney sent Aurora a rescission request to rescind the January 31, 2011 foreclosure sale, and to cease all eviction proceedings.  Compl. ¶ 14.  Aurora did not respond to the letter.  *Id*.

**February 18, 2011**: Defendant filed an unlawful detainer action against Plaintiffs in San Bernardino County Superior Court.  Mot. at 4.  *See also Aurora Loan Services v. Hernandez/Lozano-Rosas*, No. UDDS1100872 (docket).

**February 22, 2011**: Plaintiffs were served with the unlawful detainer action.  Compl. ¶ 15.  *See also Aurora Loan Services v. Hernandez/Lozano-Rosas*, No. UDDS1100872 (docket).

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-00607 AHM (OPx) | Date | December 13, 2011 |
|---|---|---|---|
| Title | HERNANDEZ et al. v. AURORA LOAN SERVICES, LLC et al. | | |

**April 4, 2011**: Plaintiffs filed their Complaint in San Bernardino County Superior Court against Defendant Aurora Loan Services, LLC and Does 1-20.  Notice of Removal ("NOR") ¶ 1.  That same day, Plaintiffs recorded a lis pendens in the Official Records of San Bernardino County.  RJN Exh. 7 (Lis Pendens).

**May 4, 2011**: The state superior court in the unlawful detainer action approved a stipulated judgment which granted judgment to Defendant Aurora but which stayed execution of the writ of possession pending the resolution of the instant action.  Mot. at 4. *See also Aurora Loan Services v. Hernandez/Lozano-Rosas*, No. UDDS1100872 (docket) (May 4, 2011 Minute Order).

**May 16, 2011**: Plaintiff Fernanda Lozano filed for relief under Chapter 13 in the Central District Bankruptcy Court.  *See* Bankruptcy Petition No. 6:11-bk-26125-CB.  Mot. at 4.

**June 6, 2011**: Plaintiff Lozano's case was dismissed for her "failure to file schedules, statements, and/or plan."  *See* Bankruptcy Petition No. 6:11-bk-26125-CB, Dkt. 9.

### B.     The Current Action

Defendant timely removed the case to this Court on April 15, 2011, on the basis of diversity jurisdiction.  Dkt. 1.  Exhibit 1 to the NOR is the current operative complaint.

The Complaint alleges a total of five causes of action for: (1) injunctive relief; (2) promissory estoppel; (3) fraud/intentional misrepresentation; (4) setting aside Trustee's sale; and (5) negligence.

Defendant filed the current Motion on June 6, 2011.  Dkt. 9.  Plaintiffs filed an Opposition to the current Motion on June 20, 2011, Dkt. 14, and Defendant filed a Reply in Support of the Motion ("Reply") on June 27, 2011.  Dkt. 15.

## III.    LEGAL STANDARD

A complaint may be dismissed for failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must

Case 5:11-cv-00607-AHM -OP   Document 24   Filed 12/13/11   Page 5 of 14   Page ID #:183

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-00607 AHM (OPx) | Date | December 13, 2011 |
|---|---|---|---|
| Title | HERNANDEZ et al. v. AURORA LOAN SERVICES, LLC et al. | | |

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S.—, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal quotation marks and ellipsis omitted).

The plausibility standard articulated in *Twombly* and *Iqbal*, requires that a complaint plead facts demonstrating "more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks and citation omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Iqbal*, 129 S.Ct. at 1950 (internal citation, alteration, and quotation marks omitted); *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the pleader to relief.") (citing *Iqbal*, 129 S.Ct. at 1949).

To determine whether a complaint states a claim sufficient to withstand dismissal, a court considers the contents of the complaint and its attached exhibits, documents incorporated into the complaint by reference, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The court must accept as true all factual allegations contained in the complaint. That principle, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1950. A complaint filed *pro se*, however, is "to be liberally construed," and "however inartfully pleaded,

O

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-00607 AHM (OPx) | Date | December 13, 2011 |
|---|---|---|---|
| Title | HERNANDEZ et al. v. AURORA LOAN SERVICES, LLC et al. | | |

must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

**IV.    DISCUSSION**

   **A.    Injunctive Relief (First Cause of Action)**

Plaintiffs seek a Temporary Restraining Order ("TRO") and/or Permanent Injunction against Aurora, enjoining Defendant from doing any of the following:

> (a) From engaging in any conduct for the purpose of selling the Property belonging to Plaintiffs to a third party;
>
> (b) From attempting to continue the UD [Unlawful Detainer] Matter as a result of the allegedly unlawful Foreclosure of the Property that took place on January 31, 2011;
>
> (c) From taking any action that would impair Plaintiffs' interest in the Property, pending the outcome of this civil lawsuit.

Compl. ¶ 18.

A party seeking injunctive relief must demonstrate a likelihood of success on the merits, a likelihood of irreparable harm in the absence of an injunction, that the balance of equities tips in the party's favor, and that an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24-25 (2008).

Given that Plaintiffs' home was sold in a foreclosure sale on January 28, 2011 (Plaintiffs incorrectly allege January 31, 2011 was the date of the sale), Plaintiffs' request for injunctive relief to prevent Defendant "[f]rom engaging in any conduct for the

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-00607 AHM (OPx) | Date | December 13, 2011 |
|---|---|---|---|
| Title | HERNANDEZ et al. v. AURORA LOAN SERVICES, LLC et al. | | |

purpose of selling the Property belonging to Plaintiffs to a third party" is moot, as the house has already been sold.

As for Plaintiffs' request to enjoin Defendant from continuing the state law unlawful detainer action, this request, too, is moot. The state superior court in that action approved a stipulated judgment on May 4, 2011 which stayed execution of the writ of possession pending the resolution of the instant action. Mot. at 4. *See also Aurora Loan Services v. Hernandez/Lozano-Rosas*, No. UDDS1100872 (docket) (May 4, 2011 Minute Order).

In regards to Plaintiffs' request that the Court enjoin Defendant "[f]rom taking any action that would impair Plaintiffs' interest in the property, pending the outcome of this civil lawsuit," Compl. ¶ 18, based on the information before this Court, it is unclear what exactly this request entails. According to the last information provided to this Court, Plaintiffs recorded a lis pendens on the property on April 4, 2011, RJN Exh. 7, and unless that lis pendens is expunged or withdrawn, Defendant would be prohibited from marketing the property to any third party. *See Farias v. FCM Corp.*, 2010 WL 4806894, at *4 (S.D. Cal. Nov. 18, 2010) ("A lis pendens effectively prevents a sale or encumbrance of the property until the litigation is resolved or the lis pendens is expunged.") (citing *Kirkeby v. Superior Court*, 93 P.3d 395 (Cal. 2004)).

In attempting to argue that this cause of action is not moot, Plaintiffs cite to the unpublished Northern District of California Decision, *Garcia v. Ocwen Loan Servicing*, LLC, 2010 WL 1881098 (N.D. Cal. May 10, 2010) (Trumbull, M.J.). *See* Opp. at 8-9. In *Garcia*, the court found plaintiff's cause of action for injunctive relief was not moot, where the home had been sold in a trustee's sale. Id. at *4. "However, read liberally, the complaint appears to enjoin not the trustee's sale, but any further sale of the home (which Defendant is alleged to have acquired at the trustee's sale or otherwise) and any attempt to evict or remove Plaintiff from the premises. Thus, this cause of action is not moot on its face, and dismissal is not warranted." *Id.* Here, however, Plaintiffs have not given this Court a clear indication of whether they remain in the house, and what relief it is they are seeking.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-00607 AHM (OPx) | Date | December 13, 2011 |
|---|---|---|---|
| Title | HERNANDEZ et al. v. AURORA LOAN SERVICES, LLC et al. | | |

The Court hereby DISMISSES this cause of action for injunctive relief with leave to amend, in order that Plaintiffs may state more specifically the status of their occupancy of the house, and the specific relief they are seeking from this Court.

### B.     Promissory Estoppel (Second Cause of Action)

Plaintiffs allege that by complying with the SFA's payment plan through December 2010, Defendant was estopped from foreclosing on the property.

A claim for promissory estoppel is improper where there is an express contract. *Odinma v. Aurora Loan Servs.*, No. C-09-4674, 2010 WL 2232169, at *10 (N.D. Cal. June 3, 2010) (Laporte, M.J.); *Premier Technical Sales, Inc. v. Digital Equip. Corp.*, 11 F. Supp. 2d 1156, 1164 (N.D. Cal. 1998) (Williams, J.) ("Because the parties' relationship was governed by a valid, enforceable contract [plaintiff] may not bring a cause of action for promissory estoppel."), *rev'd on other grounds*; *see also Barnhart v. N.Y. Life Ins. Co.*, 141 F.3d 1310, 1314 (9th Cir. 1998) (claim for promissory estoppel not permitted where "there is an express contract and neither of the parties contend that there was not adequate consideration").  There is no requirement that the express contract be in writing.     *See* Restatement (Second) of Contracts § 4 (1981).

Plaintiffs allege that "the SFA required Plaintiffs to make payments up until July of 2010 only, [and] around that time Plaintiffs were advised by [Defendant] that their loan modification application was still under review and that they should still continue making the same monthly payments in accordance with the SFA" to avoid foreclosure. Complaint ¶ 12.  While the SFA's original terms may have elapsed in July of 2010, Defendant offered to continue reviewing the loan modification application, and Plaintiffs agreed to, and continued to make payments.  This constituted both acceptance and consideration.  The SFA, and the terms of compliance, is therefore an express contract.

Plaintiffs contend that they have stated a valid cause of action for promissory estoppel because "the promises . . . were not bargained for in the SFA and are therefore not precluded by the Plaintiffs [sic] acceptance of the SFA."  Opp. at 10.  While Plaintiffs do not explain what exactly these promises are, it is evident that this second claim for relief concerns the alleged failure of Defendant to comply with the requirements of the

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-00607 AHM (OPx) | Date | December 13, 2011 |
|---|---|---|---|
| Title | HERNANDEZ et al. v. AURORA LOAN SERVICES, LLC et al. | | |

SFA. Because the SFA is an express contract, the claimed breach may be asserted through a breach of contract claim, but not through a claim for promissory estoppel. Accordingly, the Court GRANTS Defendant's Motion to Dismiss this claim with prejudice.

### C.  Fraud: Intentional Misrepresentation (Third Cause of Action)

An allegation for fraud "must state with particularity the circumstances constituting fraud or mistake," Fed. R. Civ. P. 9(b), and allegations for fraud are insufficient where they "fail to explain what the alleged misrepresentations were, how they were misleading, and when these misrepresentations were made." *Perry v. JPMorgan Chase Bank*, No. CIV S–11–0216, 2011 WL 2259121, at *5 (E.D. Cal. June 7, 2011) (Kellison, J.). *See also Wienke v. Indymac Bank FSB*, No. CV 10–4082, 2011 WL 2565370, at *6 (N.D. Cal. June 29, 2011) (Vadas, M.J.) (allegation for fraud against bank lender was insufficient because it did not describe the terms of the loan agreement); *Vann v. Aurora Loan Servs.*, No. 10–CV–04736, 2011 WL 2181861, at *4 (N.D. Cal. June 3, 2011) (Koh, J.) (fraud allegations insufficient where plaintiff did "not identify the 'Agent' who allegedly made the misrepresentations, describe the content of the alleged misrepresentations, or provide any information as to the time, place, or context in which the alleged misrepresentations were made"). However, this standard "is relaxed where the defendant must necessarily possess full information concerning the facts of the controversy, or when the facts lie more in the knowledge of the opposite party." *Susilo v. Wells Fargo Bank, N.A.*, --- F. Supp. ----, 2011 WL 2471167, at *10 (C.D. Cal. June 21, 2011) (Snyder, J.) (internal citations and quotations omitted).

Here, Plaintiffs allege that Defendant defrauded Plaintiffs "by misrepresenting to Plaintiffs (through its representatives whose names are unknown at this time) that as long as Plaintiffs' [sic] continued making their payments under the SFA, their file would remain under HAMP review and their home would not be foreclosed upon. There is no evidence that [Defendant] ever actually processed and reviewed Plaintiffs' loan modification application in good faith . . . ." Complaint ¶ 37. By alleging a date, a time frame, and the general type of employee (telephone representative), Plaintiffs have met the pleading standards of Rule 9(b). *See Susilo*, 2011 WL 2471167 at *10 (motion to dismiss denied where the "only arguable deficiency in plaintiff's allegations of fraud is that [they did] not state the names of all the individual representatives of defendants").

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-00607 AHM (OPx) | Date | December 13, 2011 |
|---|---|---|---|
| Title | HERNANDEZ et al. v. AURORA LOAN SERVICES, LLC et al. | | |

*See also People v. Highland Fed. Sav. & Loan*, 19 Cal. Rptr. 2d 555, 570 (Cal. Ct. App. 1993) (allegation for fraud against "'each record owner,' without any further identification or limitation . . . 'at the time of each respective record owner's ownership'" were stated with "ample particularity").

As stated in Plaintiffs' Opposition, "[Defendant] is a large corporate entity and individual names are not always readily available, especially when speaking over the telephone." Opp. at 14. For a court to require that an individual consumer engaging in a mortgage transaction would always ascertain the lender's employee's name, with the thought that this employee would inflict a future wrong on her, seems both far-fetched and unrealistic. At least in circumstances such as this, such a requirement would also inappropriately raise the pleading burden for plaintiffs.

Defendant also argues that Plaintiffs "fail to state what facts 'induced' Plaintiffs' actions or inactions." Motion at 9. Plaintiffs clearly allege, however, that due to Defendant's representation that Plaintiffs should continue making payments under the SFA to avoid foreclosure, "Plaintiffs took no further actions . . . such as pursuing a short sale, reinstating their loan, and/or getting on a repayment plan to avoid foreclosure." Complaint ¶ 40. Thus, Plaintiffs' allegations for fraud are sufficiently stated, especially given the availability of discovery measures, and Defendant's Motion to Dismiss this claim is DENIED.

### D. Setting Aside Trustee's Sale (Fourth Cause of Action)

Plaintiffs' fourth cause of action is set forth in the complaint as follows:

> Defendants never had the legal authority and standing to foreclose i.e., the authority to proceed with the February 22, 2011[2] foreclosure sale of the Property, as follows: 1) Aurora's representatives (whose names are unknown at this time) constantly advised Plaintiffs that as long as they continued making their payments under the SFA, their file would remain under HAMP review and their home would not be foreclosed upon. 2)

---

[2]The sale was actually on January 28, 2011. February 22, 2011 is the date Plaintiffs were served with the unlawful detainer action. See background section, above.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-00607 AHM (OPx) | Date | December 13, 2011 |
|---|---|---|---|
| Title | HERNANDEZ et al. v. AURORA LOAN SERVICES, LLC et al. | | |

> Aurora therefore wrongfully proceeded with the February 22, 2011 foreclosure sale of Plaintiffs' home, thereby it wrongfully being [sic] sold. Accordingly, Plaintiffs hereby requests [sic] an order of this Court that the February 22, 2011 Trustee's Sale was fraudulently and deceitfully carried out in that Aurora made repeated false promises and misrepresentations to Plaintiffs in order to lull Plaintiffs into a sense of complacency and to cause them to forbear to taking any action to save their home from foreclosure.

Compl. ¶ 45.

To have a trustee's sale set aside and to have title restored in an action in equity challenging the validity of the sale, Plaintiff must pay, or offer to pay, the secured debt. Harry D. Miller & Marvin B. Starr, *California Real Estate*, § 10:212 (3d ed., rev. 2008). The Court may in its discretion permit a plaintiff to set aside a foreclosure sale on condition that payment be made after entry of judgment or it may waive the tender requirement where it would be inequitable to impose this condition. *Id.* To be able to pursue this action against Aurora, Plaintiffs must at least allege a valid and viable tender of the full amount of the debt. *See Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal.App. 3d 112, 117 (Ct. App. 1971) (a "valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust."). *See also Justo v. Indymac Bancorp*, No. SACV 09-1116, 2010 WL 623715, at *11 (C.D. Cal. Feb. 19, 2010) (Selna, J.) (where plaintiff "has not alleged an ability or willingness to tender the amount due on his loan, he cannot maintain an action to set aside the foreclosure sale").

Here, Plaintiffs have not alleged an ability or willingness to tender the amount of the underlying debt. While the tender rule is not absolute, and tender may not be required "'if the [plaintiffs'] action attacks the validity of the underlying debt,'" *see Ferguson v. Avelo Mortgage, LLC*, — Cal. Rptr. 3d —, 2011 WL 2139143, *3 (June 20, 2011), here Plaintiffs have not challenged the validity of the underlying debt, only the validity of the foreclosure under the requirements of the SFA. Accordingly, because Plaintiffs have failed to satisfy the tender rule, this cause of action is DISMISSED without leave to amend.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-00607 AHM (OPx) | Date | December 13, 2011 |
|---|---|---|---|
| Title | HERNANDEZ et al. v. AURORA LOAN SERVICES, LLC et al. | | |

### E.     Negligence (Fifth Cause of Action)

In this claim, Plaintiff alleges that Defendant had a duty to refrain from foreclosing on Plaintiffs' property while Plaintiffs were under consideration for a HAMP modification.  Compl. ¶¶ 50-51.  By foreclosing "in disregard of their duty," Defendant was negligent.  *Id.*

Under California law, "[t]he elements of an action for negligence are the existence of duty (the obligation to other persons to conform to a standard of care to avoid unreasonable risk of harm to them); breach of duty (conduct below the standard of care); causation (between the defendant's act or omission and the plaintiff's injuries); and damages." *Merrill v. Navegar, Inc.*, 26 Cal.4th 465, 500 (2001).  "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 283 Cal. Rptr. 53, 56 (Cal. Ct. App. 1991).

In *Villa v. Wells Fargo*, No. 10CV81 DMS (WVG), 2010 WL 935680, at *1 (S.D. Cal. Mar.15, 2010), Judge Sabraw described the HAMP program as follows:

> HAMP is a government program, established pursuant to the Emergency Economic Stabilization Act of 2008, designed to promote loan modification and other foreclosure prevention services. Under HAMP, individual loan servicers voluntarily enter into contracts with Fannie Mae, acting as the financial agent of the United States, to perform loan modification services in exchange for certain financial incentives. The servicer's obligations under HAMP are set forth in the HAMP Agreement, as well as in Program Guidelines established by the Department of the Treasury.

*Id.*  Plaintiffs have not cited to any case law supporting the proposition that HAMP creates a duty of care on behalf of the lender.  None of Plaintiffs' citations — *Garcia v. Ocwen Loan Servicing, LLC*,  No. C 10-0290, 2010 WL 1881098 (N.D. Cal. May 10, 2010) (Trumbull, M.J.),  *Mid-Cal National Bank v. Federal Reserve Bank of San*

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-00607 AHM (OPx) | Date | December 13, 2011 |
|---|---|---|---|
| Title | HERNANDEZ et al. v. AURORA LOAN SERVICES, LLC et al. | | |

*Francisco*, 590 F.2d 761 (9th Cir. 1979), and Cal. Civ. Code § 1714 — reference HAMP, or hold that HAMP creates a duty of care to borrowers.  *See* Opp. at 15.

     Moreover, this Court has been unable to find any case law supporting the proposition that HAMP creates such a duty of care.  In fact, case law, and the purpose of HAMP, seems to indicate that there is no private right of action under HAMP.  The consensus among district courts in California appears to be that "insofar as the HAMP program is concerned, . . . lenders are not required to make loan modifications for borrowers who qualify under HAMP and that there is no private right of action to enforce obligations under HAMP."  *Bridgeman v. United States*, No. 2:10-cv-01457, 2011 WL 221639, at *14 (E.D. Cal. Jan. 21, 2011) (Newman, M.J.).  See also *Wilson v. GMAC Mortgage LLC*, 2010 WL 5387829, at *1 (S.D. Cal. Dec. 22, 2010) (Sabraw, J.) ("HAMP generally involves an agreement between a participating loan servicer and the U.S. Department of Treasury and a borrower does not have a private right to enforce the HAMP contract."); *Ingalsbe v. Bank of Am., N.A.*, 2010 WL 5279839, at *5 (E.D. Cal. Dec.13, 2010) (Wanger, J.) (collecting cases and stating that the "consensus among district courts in the Ninth Circuit is that there is no private right of action under HAMP"); *Hernandez v. HomeEq Servicing*, 2010 WL 5059673, at *2-3 (E.D. Cal. Dec.6, 2010) (Beck, M.J.) (concluding that HAMP provides incentives to modify loans but does not require such modifications, and that there is no private right of action to enforce HAMP).

     Because Plaintiffs have not even alleged a duty under HAMP, and have not specified how any duty was breached, Plaintiffs have failed to state a cause of action for negligence against Defendant.  *See Gaitan v. Mortgage Elec. Reg. Sys.,* No. CV09-1009, 2009 WL 3244729 * 8 (C.D. Cal. Oct. 5, 2009) (Phillips, J.) ("[P]arties to a contractual relationship, such as a mortgagor and mortgagee, cannot bring a tort claim unless a legal duty independent of the contract itself has been violated.") (citing *Freeman & Mills, Inc. v. Belcher Oil Co.*, 11 Cal.4th 85, 102-03, 44 Cal. Rptr. 2d 420, 900 P.2d 669 (1995)). This cause of action is therefore DISMISSED with prejudice.

## V.  CONCLUSION

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-00607 AHM (OPx) | Date | December 13, 2011 |
|---|---|---|---|
| Title | HERNANDEZ et al. v. AURORA LOAN SERVICES, LLC et al. | | |

    For the reasons stated above, the Court GRANTS in part and DENIES in part the Motion to Dismiss.[3]

    Plaintiffs' second, fourth, and fifth causes of action are dismissed with prejudice. Plaintiffs' first cause of action is dismissed with leave to amend. Plaintiffs have sufficiently stated a claim as to their third cause of action.

    Should Plaintiffs decide to file an amended complaint, they must do so by not later than December 28, 2011. Failure to file an amended complaint by this date will result in dismissal with prejudice of Plaintiffs' first cause of action.

    No hearing is necessary. Fed. R. Civ. P. 78; L.R. 7-15.

|  | : |  |
|---|---|---|
| Initials of Preparer | | SMO |

---

[3] Dkt. 9.